IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK M. GEBOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| STATE OF WISCONSIN DEPARTMENT | )  Case Number: |
| OF HEALTH SERVICES and | ) |
| NETWORK HEALTH PLAN | ) |
| | ) |
| Involuntary Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ONEIDA COUNTY, ONEIDA COUNTY | ) |
| SHERIFF'S OFFICE, STETSON GRANT, | ) |
| CHRISTOPHER CONIGLIO, TIMOTHY | ) |
| JOHNSON, and MICHAEL BARAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, Mark M. Geboy, by and through his attorneys, Hupy and Abraham, S.C., by Todd R. Korb, brings this Original Complaint against the Defendants, Oneida County, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, and states to the Court as follows:

### JURISDICTION AND VENUE

1. That subject matter jurisdiction is proper pursuant to 42 U.S.C. § 1983.

2. That this Court has supplemental jurisdiction over all other claims made within this cause of action pursuant to 28 U.S.C. § 1367.

3. That venue is present in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. That the Plaintiff, Mark M. Geboy, is an adult resident of the City of Rhinelander, County of Oneida, Wisconsin, currently residing at 3118 South Rifle Road, Zip Code 54501.

5. That the Involuntary Plaintiff, State of Wisconsin Department of Health Services, is a governmental agency responsible for administering the State of Wisconsin Medical Assistance Program; that process for the Involuntary Plaintiff, State of Wisconsin Department of Health Services, shall be served upon Shelley Malofsky, located at the Office of Legal Counsel, One West Wilson Street, Room 651, Madison, Wisconsin, Zip Code 53703; and that the Involuntary Plaintiff, State of Wisconsin Department of Health Services, alleges to have paid out money on behalf of the Plaintiff, Mark M. Geboy, and is therefore named as a subrogated party in this action pursuant to Wis. Stat. § 803.03 and Fed. R. Civ. P. 19 (a)(1)(B).

6. That the Involuntary Plaintiff, Network Health Plan, is a domestic health maintenance organization, organized and existing under the laws of Wisconsin, with the mailing address for its principal place of business being Post Office Box 120, Menasha, Wisconsin, Zip Code 54952; that the registered agent in Wisconsin for the Involuntary Plaintiff, Network Health Plan, is Kathryn Finerty, located at 1570 Midway Place, Menasha, Wisconsin, Zip Code 54952; and that the Involuntary Plaintiff, Network Health Plan, alleges to have paid out money on behalf of the Plaintiff, Mark M. Geboy, and is therefore named as an alleged subrogated party in this action pursuant to Wis. Stat. § 803.03 and Fed. R. Civ. P. 19 (a)(1)(B).

7. That the Involuntary Plaintiff, Network Health Plan, is not entitled to reimbursement or subrogation.

8. That the Defendant, Oneida County, is a domestic, self-insured, corporate municipal body, organized and existing under the laws of Wisconsin, with its principal place of

business located at One South Oneida Avenue, Rhinelander, Wisconsin, Zip Code 54501; that legal process for the Defendant, Oneida County, shall be served upon Tracy Hartman, Oneida County Clerk, also located at One South Oneida Avenue, Rhinelander, Wisconsin, Zip Code 54501; and that the Defendant, Oneida County, is a named Defendant herein pursuant to the theory of *Respondeat Superior*, in that it is liable for the actions of its employees, agents, servants, representatives, and/or volunteers while in the course and scope of their employment, herein, the Defendants, Oneida County Sheriff's Office and its deputies Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

9.    Upon information and belief, the Defendant, Oneida County, is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship, control of and/or successor liability, including but not limited to the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran. Upon further information and belief, Oneida County has successor liability for the negligence, actions, and omissions of the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

10.    That the Defendant, Oneida County Sheriff's Office, is a domestic, municipal law enforcement agency, organized and existing under the laws of Wisconsin, and Oneida County, with its principal place of business located at 2000 East Winnebago Street, Rhinelander, Wisconsin, Zip Code 54501; that legal process for the Defendant, Oneida County Sheriff's Office, shall be served upon Grady Hartman. Oneida County Sheriff, also located at 2000 East Winnebago Street, Rhinelander, Wisconsin, Zip Code 54501; that the Defendant, Oneida County Sheriff's Office, is a governmental agency, controlled and/or owned by Oneida County; and that the Defendant, Oneida County Sheriff's Office, is a named Defendant herein pursuant to the

theory of *Respondeat Superior*, in that it is liable for the actions of its employees, agents, servants, representatives, and/or volunteers while in the course and scope of their employment, herein, the Defendants, Oneida County Sheriff Deputies Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

11.    That the Defendant, Stetson Grant, upon information and belief, is an adult resident of the City of Rhinelander, County of Oneida, Wisconsin, currently residing at 2350 Highway 17, Zip Code 54501; that the Defendant, Stetson Grant, is being sued in his individual capacity; and that the Defendant, Stetson Grant, at all times material hereto, acted under the color of law and within the scope of his employment with the Defendant, the Oneida County Sheriff's Office, a governmental agency controlled and/or owned by the Defendant, Oneida County, as an Oneida County Sheriff's Deputy when engaging in the actions as described hereinafter.

12.    That the Defendant, Christopher Coniglio, upon information and belief, is an adult resident of the Town of Hazelhurst, County of Oneida, Wisconsin, currently residing at 10925 South Bear Lake Road, Zip Code 54531; that the Defendant, Christopher Coniglio, is being sued in his individual capacity; and that the Defendant, Christopher Coniglio, at all times material hereto, acted under the color of law and within the scope of his employment with the Defendant, the Oneida County Sheriff's Office, a governmental agency controlled and/or owned by Oneida County, as an Oneida County Sheriff's Deputy when engaging in the actions as described hereinafter.

13.    That the Defendant, Timothy Johnson, upon information and belief, is an adult resident of the City of Rhinelander, County of Oneida, Wisconsin, currently residing at 433 Dahl Street, Zip Code 54501; that the Defendant, Timothy Johnson, is being sued in his individual capacity; and that the Defendant, Timothy Johnson, at all times material hereto, acted under the

color of law and within the scope of his employment with the Defendant, the Oneida County Sheriff's Office, a governmental agency controlled and/or owned by the Defendant, Oneida County, as an Oneida County Sheriff's Deputy when engaging in the actions as described hereinafter.

14.     That the Defendant, Michael Baran, upon information and belief, is an adult resident of the City of Tomahawk, County of Lincoln, Wisconsin, currently residing at 8715 Musky Point Circle, Zip Code 54487; that the Defendant, Michael Baran, is being sued in his individual capacity; and that the Defendant, Michael Baran, at all times material hereto, acted under the color of law and within the scope of his employment with the Defendant, the Oneida County Sheriff's Office, a governmental agency controlled and/or owned by the Defendant, Oneida County, as an Oneida County Sheriff's Deputy when engaging in the actions as described hereinafter.

### FIRST CAUSE OF ACTION:

### 42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE
### ONEIDA COUNTY SHERIFF'S OFFICE, STETSON GRANT, CHRISTOPHER CONIGLIO, TIMOTHY JOHNSON, AND MICHAEL BARAN

15.     That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

16.     That at the same time and place, the Defendants, Oneida County Sheriff Deputies Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, entered into and searched the personal residence of the Plaintiff, Mark M. Geboy, without a warrant, without

his permission, and/or without his consent; and that the Plaintiff, Mark M. Geboy, had a reasonable expectation of privacy in his aforementioned personal residence.

17.    That at all times material hereto, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, were acting under the color of law.

18.    That the entry into, and search of the personal residence of the Plaintiff, Mark M. Geboy, was unreasonable because its justification lacked probable cause, exigent circumstances, and/or did not meet the burden of a warrant exception as required by the Fourth and Fourteenth Amendments to the United States Constitution, thereby depriving the Plaintiff, Mark M. Geboy, of the protections provided therein.

19.    That the Defendant, Oneida County Sheriff's Office, is a named Defendant herein pursuant to the theory of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment and acting under the color of law.

20.    That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants.

21.    That as a result of the foregoing actions on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that

he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1. That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries and violation of his Constitutional rights.

2. That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

**SECOND CAUSE OF ACTION:**

**42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE**
**ONEIDA COUNTY**

As for a second cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

22. That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

23.     That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into and searched the personal residence of the Plaintiff, Mark M. Geboy, without a warrant, without his permission, and/or without his consent; and that the Plaintiff, Mark M. Geboy, had a reasonable expectation of privacy in his aforementioned personal residence.

24.     That the entry into, and search of, the personal residence of the Plaintiff, Mark M. Geboy, was unreasonable because its justification lacked probable cause, exigent circumstances, and/or did not meet the burden of a warrant exception as required by the Fourth and Fourteenth Amendments to the United States Constitution, thereby depriving the Plaintiff, Mark M. Geboy, of the protections provided therein.

25.     That the Defendant, Oneida County, has and/or had a custom of unlawful intrusion into constitutionally protected areas that is/was persistent and widespread; that this custom was so commonplace to where it was the Defendant's, Oneida County's, operating procedure; that policy-making officials within Oneida County know and/or knew about these operating procedures and allow/allowed them to continue; and that these operating procedures directly led to the violation of the Plaintiff's, Mark M. Geboy's, rights as provided within the Fourth and Fourteenth Amendments to the United States Constitution.

26.     That the Defendant, Oneida County, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of *respondeat superior*; and that the Defendant, Oneida County, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

27.    That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants.

28.    That as a result of the foregoing actions on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1.    That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendant, Oneida County, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries and violation of his Constitutional rights.

2.    That the costs of this action be taxed against the Defendant.

3.    For other and further relief as the Court may deem just and proper.

4.    For the dismissal of any and all subrogation or reimbursement claims.

5.    For any and all reasonable attorney's fees associated with this action.

## THIRD CAUSE OF ACTION:

### 42 U.S.C. § 1983 – UNLAWFUL ARREST
### ONEIDA COUNTY SHERIFF'S OFFICE, STETSON GRANT,
### CHRISTOPHER CONIGLIO, TIMOTHY JOHNSON,
### AND MICHAEL BARAN

As for a third cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

29.     That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

30.     That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy, without a warrant, thereby placing him in the custody of the Defendant, Oneida County Sheriff's Office.

31.     That the arrest of the Plaintiff, Mark. M. Geboy, was unlawful due to the Defendants' unconstitutional entry to effectuate said arrest, and because its justification lacked probable cause that a crime was being, or had been committed, as is required by the Fourth and Fourteenth Amendments to the United States Constitution, thereby depriving the Plaintiff, Mark M. Geboy, of the protections provided therein.

32.     That at all times material hereto, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, were acting under the color of law.

10

33.     That the Defendant, Oneida County Sheriff's Office, is a named Defendant herein pursuant to the theory of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment and acting under the color of law.

34.     That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants.

35.     That as a result of the foregoing actions on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1.     That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries and violation of his Constitutional rights.

2. That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

**FOURTH CAUSE OF ACTION:**

**42 U.S.C. § 1983 – UNLAWFUL ARREST**
**ONEIDA COUNTY**

As for a fourth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

36. That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

37. That at that same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy, without a warrant, thereby placing him in the custody of the Defendant, Oneida County Sheriff's Office.

38. That the arrest of the Plaintiff, Mark. M. Geboy, was unlawful due to the Defendants' unconstitutional entry to effectuate said arrest, and because its justification lacked probable cause that a crime was being, or had been committed, as is required by the Fourth and

Fourteenth Amendments to the United States Constitution, thereby depriving the Plaintiff, Mark M. Geboy, of the protections provided therein.

39.    That the Defendant, Oneida County, has and/or had a custom of effectuating unlawful arrests that is and/or was persistent and widespread; that this custom was so commonplace to where it is and/or was the Defendant's, Oneida County's, operating procedure; that policy-making officials within Oneida County know and/or knew about these operating procedures and allow and/or allowed them to continue; and that these operating procedures directly led to the Plaintiff's, Mark M. Geboy's, rights as provided within the Fourth and Fourteenth Amendments to the United States Constitution.

40.    That the Defendant, Oneida County, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of *respondeat superior*; and that the Defendant, Oneida County, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendants, the Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

41.    That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants.

42.    That as a result of the foregoing actions on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued

medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1. That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendant, Oneida County, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries and violation of his Constitutional rights.

2. That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

### FIFTH CAUSE OF ACTION:

### 42 U.S.C. § 1983 – USE OF EXCESSIVE FORCE
### ONEIDA COUNTY SHERIFF'S OFFICE, STETSON GRANT, CHRISTOPHER CONIGLIO, TIMOTHY JOHNSON, AND MICHAEL BARAN

As for a fifth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

43. That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

44.    That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy.

45.    That in the course of said arrest, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, used an unreasonable amount of force against the Plaintiff, Mark. M. Geboy.

46.    That the unreasonable force subjected onto the Plaintiff by the Defendants was a violation of the Fourth and Fourteenth Amendments' protections from unreasonable searches and seizures, and the substantive due process right of bodily integrity, thereby depriving him of the protections provided therein; and that as a resultant effect of this excessive force, the Plaintiff suffered severe injuries.

47.    That at all time material hereto, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, were acting under the color of law.

48.    That the Defendant, Oneida County Sheriff's Office, is a named Defendant herein pursuant to the theory of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein the Defendants, Deputies Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment, and acting under the color of law.

49.    That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides

appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants.

50.    That as a result of the foregoing actions on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1.    That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries and violation of his Constitutional rights.

2.    That the costs of this action be taxed against the Defendants.

3.    For other and further relief as the Court may deem just and proper.

4.    For the dismissal of any and all subrogation or reimbursement claims.

5.    For any and all reasonable attorney's fees associated with this action.

## SIXTH CAUSE OF ACTION:

### 42 U.S.C. § 1983 – USE OF EXCESSIVE FORCE
### ONEIDA COUNTY

As for a sixth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

51.     That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

52.     That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy.

53.     That in the course of said arrest, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, intentionally used an unreasonable amount of force against the Plaintiff, Mark. M. Geboy.

54.     That the unreasonable force subjected onto the Plaintiff by the Defendants was a violation of the Fourth and Fourteenth Amendments' protections from unreasonable searches and seizures, and the substantive due process right of bodily integrity, thereby depriving him of the protections provided therein; and that as a resultant effect of this excessive force, the Plaintiff suffered severe injuries.

55.    That the Defendant, Oneida County, has and/or had a custom of intentionally subjecting arrestees to excessive amounts of force that is and/or was persistent and widespread; that this custom is and/or was so commonplace to where it is and/or was the Defendant's, Oneida County's, operating procedure; that policy-making officials within Oneida County know and/or knew about these operating procedures and allow and/or allowed them to continue; and that these operating procedures directly led to the violation of the Plaintiff's, Mark M. Geboy's, rights as provided within the Fourth and Fourteenth Amendments to the United States Constitution.

56.    That the Defendant, Oneida County, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of *respondeat superior*; and that the Defendant, Oneida County, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendant's, the Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

57.    That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants.

58.    That as a result of the foregoing actions on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so

restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1.    That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendant, Oneida County, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries and violation of his Constitutional rights.

2.    That the costs of this action be taxed against the Defendant.

3.    For other and further relief as the Court may deem just and proper.

4.    For the dismissal of any and all subrogation or reimbursement claims.

5.    For any and all reasonable attorney's fees associated with this action.

## SEVENTH CAUSE OF ACTION:

### NEGLIGENCE
### ONEIDA COUNTY SHERIFF'S OFFICE, STETSON GRANT, CHRISTOPHER CONIGLIO, TIMOTHY JOHNSON, AND MICHAEL BARAN

As for a seventh cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

59.    That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

60.    That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their

employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy.

61.    That in the course of the abovementioned acts, the Defendants acted in a negligent manner by acting contrary to how reasonable sheriff's deputies would act in the given circumstance, thereby causing the injuries sustained by the Plaintiff as hereinafter described.

62.    That the foregoing acts of negligence on the part of Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Mark M. Geboy.

63.    That the Defendant, Oneida County Sheriff's Office, is a named Defendant herein pursuant to the theory of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment, and acting under the color of law.

64.    That at all times material hereto, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, were acting under the color of law.

65.    That 28 U.S.C. § 1367 allows for supplemental jurisdiction over all other claims related the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants' negligence.

66.    That as a result of the foregoing acts of negligence on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he

was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1.  That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries.

2.  That the costs of this action be taxed against the Defendants.

3.  For other and further relief as the Court may deem just and proper.

4.  For the dismissal of any and all subrogation or reimbursement claims.

5.  For any and all reasonable attorney's fees associated with this action.

## EIGHT CAUSE OF ACTION:

### NEGLIGENCE
### ONEIDA COUNTY

As for an eighth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

67.    That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

68.    That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy.

69.    That in the course of the abovementioned acts, the Defendants acted in a negligent manner by acting contrary to how reasonable Sheriff's Deputies would act in the given circumstance, thereby causing the injuries sustained by the Plaintiff as hereinafter described.

70.    That the foregoing acts of negligence on the part of the named Defendants were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Mark M. Geboy.

71.    That the Defendant, Oneida County, has and/or had a custom of Sheriff's Deputies acting in a negligent manner that is and/or was persistent and widespread; that this custom is and/or was so commonplace to where it is and/or was the Defendant's, Oneida County's, operating procedure; that policy-making officials within Oneida County know and/or knew about these operating procedures and allow and/or allowed them to continue; and that these operating procedures directly led to the injuries sustained by the Plaintiff, Mark M. Geboy.

72.    That the Defendant, Oneida County, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of *respondeat superior*; and that the Defendant, Oneida County, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendants, the Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

22

73.     That 28 U.S.C. § 1367 allows for supplemental jurisdiction over all other claims related the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants' negligence.

74.     That as a result of the foregoing acts of negligence on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1.     That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendant, Oneida County, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries.

2.     That the costs of this action be taxed against the Defendant.

3.     For other and further relief as the Court may deem just and proper.

4.     For the dismissal of any and all subrogation or reimbursement claims.

5.     For any and all reasonable attorney's fees associated with this action.

## NINTH CAUSE OF ACTION:

### BATTERY
### ONEIDA COUNTY SHERIFF'S OFFICE, STETSON GRANT,
### CHRISTOPHER CONIGLIO, TIMOTHY JOHNSON,
### AND MICHAEL BARAN

As for a ninth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

75.     That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

76.     That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy; that in the course of these actions, the Defendants inflicted either bodily harm, substantial bodily harm, and/or great bodily upon the Plaintiff, Mark M. Geboy, and intended to inflict said bodily harm, substantial bodily harm, and/or great bodily harm onto him, pursuant to Wis. Stats. §§ 940.19(1)-(5), thereby causing the injuries sustained by the Plaintiff, as hereinafter described.

77.     That at all times material hereto, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, were acting under the color of law.

78.     That the Defendant, Oneida County Sheriff's Office, is a named Defendant herein pursuant to the theory of *Respondeat Superior*, in that it is liable for the acts of its employees,

servants, agents, representatives, and/or volunteers, herein the Defendants, Deputies Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment, and acting under the color of law.

79.     That the foregoing acts on the part of Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Mark M. Geboy.

80.     That 28 U.S.C. § 1367 allows for supplemental jurisdiction over all other claims related the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants' battery.

81.     That as a result of the foregoing intentional acts on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1.     That the Plaintiff, Mark M. Geboy. have and recover judgment against the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries.

2.     That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

### TENTH CAUSE OF ACTION:

### BATTERY
### ONEIDA COUNTY

As for a tenth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

82. That on or about July 8, 2018, at 12:05 a.m., the Plaintiff, Mark M. Geboy, was present on the premises of his personal residence, located at 3118 South Rifle Road, Rhinelander, Wisconsin, Zip Code 54501.

83. That at the same time and place, the Defendants, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, while in the course and scope of their employment with the Defendant, Oneida County Sheriff's Office, and acting under the color of law, entered into, searched the personal residence of, and forcibly arrested the Plaintiff, Mark M. Geboy; and that in the course of these actions, the Defendants inflicted either bodily harm, substantial bodily harm, and/or great bodily upon the Plaintiff, Mark M. Geboy, and intended to inflict said bodily harm, substantial bodily harm, and/or great bodily harm onto him, pursuant to Wis. Stats. §§ 940.19(1)-(5), thereby causing the injuries sustained by the Plaintiff, as hereinafter described.

84. That the Defendant, Oneida County, has and/or had a custom of sheriff's deputies intentionally subjecting arrestees to bodily harm, substantial bodily harm, and/or great bodily

harm that is and/or was persistent and widespread; that this custom is and/or was so commonplace to where it was the Defendant's, Oneida County's, operating procedure; that policy-making officials within Oneida County know and/or knew about these operating procedures and allow and/or allowed them to continue; and that these operating procedures directly led to the injuries sustained by the Plaintiff's, Mark M. Geboy.

85.    That the foregoing intentional acts on the part of the named Defendants were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Mark M. Geboy.

86.    That the Defendant, Oneida County, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of *respondeat superior*; and that the Defendant, Oneida County, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendants, the Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

87.    That 28 U.S.C. § 1367 allows for supplemental jurisdiction over all other claims related the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Mark M. Geboy, at the hands of the named Defendants' battery.

88.    That as a result of the foregoing intentional acts on the part of the Defendants, the Plaintiff, Mark M. Geboy, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so

restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1. That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendant, Oneida County, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries.

2. That the costs of this action be taxed against the Defendant.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

## ELEVENTH CAUSE OF ACTION:

### PUNITIVE DAMAGES
### ONEIDA COUNTY, ONEIDA COUNTY SHERIFF'S OFFICE, STETSON GRANT, CHRISTOPHER CONIGLIO, TIMOTHY JOHNSON, AND MICHAEL BARAN

As for an eleventh cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, incorporates the same by reference, and further alleges and shows to the Court as follows:

89. That the conduct of the Defendants, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, was malicious and/or in conscious indifference and/or in intentional disregard of the rights of the Plaintiff, Mark M. Geboy, and performed willfully. wantonly, and with disregard and/or conscious indifference of the Plaintiff's rights.

90. That the Defendant, Oneida County, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of *respondeat superior*; and that the Defendant, Oneida County, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendants, the Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran.

91. That as a result of the intentional and negligent acts on the part of the named Defendants, the Plaintiff, Mark M. Geboy, sustained severe injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Mark M. Geboy, prays this Honorable Court:

1. That the Plaintiff, Mark M. Geboy, have and recover judgment against the Defendants, Oneida County, Oneida County Sheriff's Office, Stetson Grant, Christopher Coniglio, Timothy Johnson, and Michael Baran, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for personal injuries and violation of his Constitutional rights.

2. That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5.    For any and all reasonable attorney's fees associated with this action.

6.    For punitive damages, recoverable pursuant to Wis. Stat. § 895.043, as the actions of the Defendants were performed maliciously and/or recklessly and/or knowingly and/or intentionally, and with callous disregard for the protected rights of the Plaintiff.

**JURY DEMAND**

**PLEASE TAKE NOTICE** that the Plaintiff hereby requests a trial by a jury of 12.

**DATED** at Milwaukee, Wisconsin, this ___9ᵗʰ___ day of ___July___, 2019.

HUPY AND ABRAHAM, S.C.
Attorneys for the Plaintiff,

By: _____
Todd R. Korb
State Bar Number: 1026950

Post Office Address:
111 East Kilbourn Avenue
Suite 1100
Milwaukee, Wisconsin 53202
(414) 223-4800